IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 23-cv-24363-MARTINEZ/SANCHEZ

FREDERICK JOHNSON,

     Plaintiffs,

vs.

NCL (BAHAMAS) LTD,

     Defendant.

_____/

### JOINT MOTION FOR EXTENSION OF TIME OF PRETRIAL DEADLINES

     Defendant, NCL (Bahamas) Ltd. ("NCL"), and Plaintiff jointly move for a 45-day extension of time for the fact and expert discovery cutoff and the deadline for dispositive and *Daubert* motions.

     1.    This is a personal injury case involving former NCL passenger, Frederick Johnson, who alleges that he contracted Legionnaires' disease during his November 2022 cruise on the *Norwegian Prima.*

     2.    Under the Court's Scheduling Order, trial is set for the two-week period beginning January 13, 2025, the fact and expert discovery cutoff is September 5, 2024, and the deadline for dispositive and *Daubert* motions is October 4, 2024. [ECF No. 8]

     3.    Due to difficulties obtaining documents from third-parties and scheduling depositions, the Parties respectfully request that the fact and expert discovery cutoff be extended to October 18, 2024, and the deadline for dispositive and *Daubert* motions be extended to November 20, 2024.

CASE NO.:  23-cv-24363-JEM

4.      This extension is not sought for purposes of delay. Since the Court entered the Scheduling Order, the Parties have been diligently working together to complete outstanding discovery. The Parties have answered written discovery, deposed Plaintiff and his wife, inspected the vessel in Southampton, England, and Plaintiff has been examined by NCL's neurologist expert.

5.      The main issue hindering the completion of discovery has been receiving documents from third parties and having the Parties' experts review the documents to assist in formulating their opinions. Plaintiff alleges that he contracted Legionnaires' disease on a NCL vessel. During discovery, Plaintiff requested documents from the CDC and NCL's legionella testing partner, PathCon. The documents are critical for the Parties' understanding of the case.

6.      The Parties only recently received documents from these sources, which total thousands of pages. The Parties' experts require additional time to review this information to assist in formulating their opinions. Furthermore, the Parties have held off on deposing experts until the experts have a complete set of records. Thus, the Parties require additional time to complete discovery.

7.      This is the first extension requested by the Parties. Neither Party will be prejudiced by the continuance, and the trial date will not be affected.

8.      Therefore, the Parties respectfully submit that good cause exists to extend the fact and expert discovery cutoff to October 18, 2024, and the deadline for dispositive and *Daubert* motions to November 20, 2024.

## **MEMORANDUM OF LAW**

The Parties respectfully request this Court to extend the requested pretrial deadlines based upon their showing of good cause as outlined above. District courts have unquestionable authority to control their own dockets. *Smith v. Psychiatric Sol., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

"This authority includes 'broad discretion in deciding how best to manage the cases before them."
*Id.* Once a scheduling order is entered, it may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *Ashmore v. Sec'y, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). The Parties submit that the difficulties experienced setting the depositions of off-contract crewmembers has demonstrated that good cause exists for the requested extension of time.

WHEREFORE, the Parties respectfully request that the Court extend the fact and expert discovery cutoff and dispositive and Daubert motion deadlines to the requested dates, to maintain the current trial date, and for the Court to grant any other relief that it deems just and proper.


Respectfully Submitted,

By: /s/ Garrett P. Keane
Thomas Briggs, Esq.
Garrett Keane, Esq.
Mase Seitz Briggs, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
Telephone:     305-377-3770
Facsimile:      305-377-0080
cmase@maselaw.com
gkeane@maselaw.com
*Attorneys for Defendant*

By: /s/ Nicholas Battaglia
Nicholas Battaglia, Esq.
ROSENFELD LAW GROUP, PLLC
66 W. Flagler St.
Suite 900 - #1284
Miami, FL 33130
Telephone: 786-668-3608
Facsimile: 786-384-7394
Nbattaglia@therosenfeldlawgroup.com

John H. Denenea, Jr., Esq., Pro Hac Vice
SHEARMAN - DENENEA, L.L.C.
3004 David Drive
Metairie, Louisiana 70003
Telephone: (504) 304-4582
Facsimile: (504) 304-4587
jdenenea@gmail.com
*Attorneys for Plaintiff*